# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-53 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Manuel Aguirre-Maldonado (1), | |
| Defendant. | |

Lindsey E. Middlecamp, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Daniel S. Le, Le Law Group, 333 Washington Avenue North, Suite 415, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Manuel Aguirre-Maldonado's Motion for Reconsideration of Detention Order and Temporary Release. (ECF No. 18). For the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

In March 2020, Defendant Manuel Aguirre-Maldonado was indicted for False Claim of Citizenship and Aggravated Identify Theft. (ECF No. 1). Defendant was ordered detained following an arraignment and detention hearing. (ECF Nos. 14 & 17). The Court found that because it was alleged that Defendant had been working under an assumed

identity since 1995 and that he had incidents with law enforcement dating back to that time, no condition or combination of conditions would reasonably assure his appearance for future proceedings. (ECF No. 17). Defendant has since been detained at the Sherburne County Jail. (ECF No. 18).

Defendant has now moved for reconsideration of the detention order and for temporary release. (ECF NO. 18). He seeks relief as a result of the COVID-19 pandemic, noting that those confined at jails are some of the "most-at-risk" for contracting the virus. (ECF No. 18). He also notes that he is unable to prepare adequately his defense because the jail has enacted new regulations that restrict attorney/client visitation. (*Id.*). Defendant notes that, if released, he could live with his brother at a residence owned by his father and that he would be able to submit to electronic monitoring. (*Id.*).

## II. ANALYSIS

Defendant seeks release under two provisions of 18 U.S.C. § 3142: subdivisions (f) and (i). Subdivision (f) permits the reopening of a detention hearing if there is new information available that has a material bearing on the issue of whether there are release conditions that will reasonably assure the defendant's reappearance and protect the safety of the community. Subdivision (i) permits the "temporary release" of a detainee into the custody of "another appropriate person" if "necessary for preparation of the person's defense or for another compelling reason."

Defendant's reliance on Section 3142(f) is misplaced. That subdivision requires the Court to determine whether the new information identified by Defendant has a material bearing on whether the Court can fashion conditions of release to ensure Defendant "is not

2

a risk of nonappearance or a risk of harm to any others or the community." *United States v. Clark*, No. 19-cr-40068, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020). While the Court appreciates the unprecedented nature of the COVID-19 pandemic, Defendant has offered no reason why the pandemic would reduce his risk of nonappearance or the risk that he poses to the community. [1] *See id.* ("The risk of harm *to the defendant* does not usually bear on" a Section 3142(f) analysis.). Therefore, the Court will deny Defendant's motion to the extent he seeks relief under that subsection.

The Court may, however, consider a defendant's individual circumstances, including factors related to his or her health, in determining whether a defendant has identified a compelling reason for his or her release under Section 3142(i). *See United States v. Rebollo-Andino*, 312 Fed. App'x 346, 348 (1st Cir. 2009) (holding the defendant could seek temporary release under Section 3142(i) for medical reasons). Relief is typically granted only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-cr-54, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020). In determining whether a defendant's COVID-19 concerns present a compelling reason for release, courts have considered the following factors:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

---

[1] Defendant has offered no other new information to show that he is not a risk for nonappearance or a danger to others in the community.

*Clark*, 2020 WL 1446895, at *3. The Court will do the same here.

In assessing the original reasons for Defendant's pretrial detention, the Court must be mindful of the fact that it already determined that pretrial detention was warranted. The Court has reviewed the previous reports filed by Pretrial Services regarding Defendant's previous detention proceedings, as well as the supplemental report related to Defendant's current motion. Those reports outline Defendant's substantial risk of nonappearance, including the fact that he failed to appear at several hearings for other offenses. The supplemental report also establishes that release to the address proposed by Defendant would not be appropriate, as nobody from Pretrial Services was able to obtain contact information for Defendant's brother.[2] The first factor therefore weighs against release.

The second factor, the specificity of Defendant's COVID-19 concerns, does not weigh in favor of release either. Defendant has not identified any specific underlying health concerns that would put him at an increased risk for a more severe outcome should he contract COVID-19. *See id.* (noting that the defendant established a "specific and particular concern that his status as a diabetic put[] him at an increased risk for experiencing severe illness if he were to contract COVID-19). Instead, Defendant's concerns are largely generalized and based on the fact that inmates at the Sherburne County Jail are housed closely together, which might permit the virus to quickly spread if introduced, and the fact that the jail has limited medical facilities.

---

[2] Defendant is also subject to an immigration detainer.

Defendant does not, however, claim that there are any diagnosed cases of COVID-19 at the jail. And the jail has taken extensive measures to reduce the risk of COVID-19, including reducing the number of in-person visitors. *See, e.g.*, *Hamilton*, 2020 WL 1323036, at *2 (denying release where there had been no reported incidents of COVID-19 within the facility where the defendant was being housed and the prison was "taking system-wide precautions to mitigate the possibility of an infection within its facilities"); (ECF No. 22-1 (describing steps the Sherburne County Jail has taken to address COVID-19 pandemic)). Because Defendant has not identified a unique risk that COVID-19 poses to himself, as compared to the jail population at large, this factor weighs against him.

The third factor, the extent to which Defendant's proposed release plan is tailored to mitigate or exacerbate his overall risks, also weighs in favor of continued detention. The Court agrees that there is an increased risk of rapid transmission should COVID-19 enter a jail or prison, given the close quarters in which the inmates reside. But as the Court noted previously, the Sherburne County Jail is taking reasonable precautions to reduce the risk of COVID-19. There is also nothing in the record to suggest the facility is unable to provide adequate medical care should Defendant become ill.

Furthermore, Defendant has provided no information that would allow the Court to evaluate whether his release would reduce his risk of contracting COVID-19. Defendant has not, for example, explained "who else has or will live in or frequent the home or identif[ied] any screening practices or concrete COVID-19 precautions being taken there." *Clark*, 2020 WL 1446895, at *6. Nor has he attempted to identify the type of medical care that will be available to him should he become ill.

Finally, the Court must consider whether Defendant's proposed release plan would increase COVID-19 risks to others. This factor also weighs in favor of continued detention. As the Court outlined above, Pretrial Services has been unable to establish that Defendant's brother's residence would be a suitable home for Defendant or identify other appropriate conditions of release. A defendant who cannot comply with release conditions or who does not have suitable place to stay poses a risk to law enforcement, "who are already tasked with enforcing shelter-in-place orders," pretrial service officers, and those responsible for taking Defendant back into custody. *Id*., at \*4.

"The mere possibility of an outbreak at the facility [is] not a compelling reason to justify his release." *Id*. at \*3. Defendant has offered no reason why his release would reduce his risk of contracting COVID-19. Nor has he shown that his release plan will not increase others' risk of contracting COVID-19. For all the forgoing reasons, Defendant has failed to show a compelling reason for his release.

Finally, Defendant argues that temporary release under Section 3142(i) is necessary so that he may prepare his defense. This argument is not persuasive. All proceedings in this matter have been stayed until April 16, 2020. (ECF No. 21). The motion hearing set for this matter will be rescheduled once the stay is lifted, giving Defendant and his counsel adequate time to communicate with each other. The Sherburne County Jail is working to ensure that inmates have adequate access to confidential and secure communication with counsel. (ECF No. 22-1). Defendant has therefore failed to show that release is necessary to prepare his defense.

## III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Manuel-Aguirre-Maldonado's Motion for Reconsideration of Detention Order and Temporary Release (ECF No. 18) is **DENIED**.

Date: April 9, 2020

                                              *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States of America v. Aguirre-Maldonado*
No. 20-cr-53 (1) (NEB/TNL)